RECEIVED
IN ALEXANDRIA, LA.
FEB 1 9 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ABDOUL BASSOUM BAH,<br>    Petitioner | CIVIL ACTION<br>NO. CV09-01444-A |
| VERSUS | |
| ERIC HOLDER, et al.,<br>    Respondents | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a petition for writ of habeas corpus filed pursuant to 18 U.S.C. § 2241 by petitioner Abdoul Bassoum Bah ("Bah") on August 10, 2009. Bah, a native and citizen of Guinea, was ordered removed from the United States on December 12, 2003. Bah was taken into custody by the Immigration and Customs Enforcement Service ("ICE") on January 26, 2009, and detained in the LaSalle Detention Center in Trout, Louisiana. Bah filed this petition pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001), contesting his continued detention by ICE and contending there is no significant likelihood of his removal to Guinea in the reasonably foreseeable future. The sole relief requested by Bah is release from custody pending his removal from the United States.

The Respondents filed a motion to dismiss the complaint as moot; documentary exhibits show that that Bah was released by ICE pursuant to an order of supervision on October 20, 2009 (Doc. 8).

Since Bah has been released and thus has achieved the sole relief requested in his habeas petition, Bah's habeas petition has been rendered moot and should be dismissed.[1]

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Respondents' motion to dismiss (Doc. 8) be GRANTED and Bah's habeas petition be DISMISSED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) calendar days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) calendar days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

---

[1] It is further noted that an order from this court mailed to Bah on November 16, 2009 (Doc. Item 9), was returned to the Clerk of Court on November 18, 2009, stamped "Return to Sender - No Longer Here" (Doc. 10). Apparently, after Bah was released from custody on October 20, 2009, he failed to provide the court with his new address. Local rule LR41.3W provides that the failure of a pro se litigant to keep the Court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the Court for the reason of an incorrect address and correction is not made to the address for a period of 30 days. Bah's failure to inform the court of his address change within 30 days provides another ground for dismissal of his habeas petition. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.734 (1962); Rogers v. Kroger Co., 669 F.2d 317, 320-21 (5th Cir. 1982).

2

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 19th day of February, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE